EUGENE I. LEHRMANN, Director, Board of Vocational, Technical andAdult Education
In your letter of June 7, 1972, you inquire as to whether a vocational, technical and adult education district may use monies generated from its tax revenues to contract with or fund an educational program conducted by a private organization. In particular, you indicate that recently Vocational, Technical and Adult Education District 4 has been approached by the Madison Urban League to provide funds to support a project operated by the League. You further indicated to a member of my staff that the answer to this question is of statewide importance, since *Page 346 
several other districts are considering, in effect, delegating part of their power with respect to instructional services to private contractors.
Chapter 154, Laws of 1971, which substantially amended the vocational, technical and adult education laws, became effective July 1, 1972. Section 38.14 (3), Stats., thereof provides as follows:
"(3) CONTRACTS FOR INSTRUCTIONAL SERVICES. The district board may contract with public educational institutions and other district boards for instructional services."
In view of the above provision of the law, it is my opinion that district vocational, technical and adult education boards may not contract with private organizations for the rendering of instructional services. A state agency has only those powers specifically delegated to it or which may be reasonably implied as necessary for discharge of its duties. And further, under other rules of statutory construction, "where a form of conduct, the manner of its performance and operation and the persons and things to which it refers are affirmatively or negatively designated, there is an inference that all omissions were intended by the legislature." (2 Sutherland, StatutoryConstruction, 3rd ed. 4915, pp. 412-413.)
RWW:JWC